# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ELIZABETH ETHERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-195 (LMB/JFA) |
| ) | |
| JOSEPH R. BIDEN, in his official capacity ) | |
| as President of the United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Defendants hereby respectfully submit this opposition to Plaintiff's Motion for Judicial Notice. *See* ECF No. 49 (hereinafter "Motion" or "Mot."). The materials submitted by Plaintiff for judicial notice are provided outside of the well-developed administrative record and do not fit within the narrow exceptions that permit a Court to consider materials outside of this record in cases brought under the Administrative Procedure Act ("APA"). Further, these items are not relevant to this Court's consideration of the issues in this case or are redundant of what is already found in the administrative record. Thus, there is no reason for the Court to take judicial notice of these items and to supplement the well-developed administrative record in considering the propriety of the Interim Final Rule, Vaccine and Mask Requirements to Mitigate the Spread of COVID 19 in Head Start Programs, 86 Fed. Reg. 68,052 (Nov. 30, 2021) (the "Rule"). For the reasons discussed further herein, the Court should deny Plaintiff's motion.

**ARGUMENT**

Plaintiff brings this suit primarily under the APA[1] to enjoin implementation of the Department of Health & Human Services' ("HHS") Rule relating to vaccine and mask requirements in Head Start programs. *See generally* ECF No. 29. As courts have long held, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."). In other words, "[r]eview of agency action is limited to the administrative record before the agency when it makes its decision." *Trinity Am. Corp. v. U.S. E.P.A.*, 150 F.3d 389, 401 n.4 (4th Cir. 1998); *see also Tafas v. Dudas,* 330 F. Supp. 2d 786, 793-94 (E.D. Va. 2008) (declining to permit discovery outside the administrative record because the record was the focal point for judicial review).[2] As a result, well-established caselaw makes abundantly clear that judicial review should generally be limited to the administrative record before the Court—a point conveniently missing from Plaintiff's Motion.[3]

Nonetheless, courts have recognized "certain narrow exceptions to the rule that permit a district court to consider evidence outside the administrative record." *Pamlico-Tar River Found. v. U.S.*

---

[1] Plaintiff does bring one count alleging that the Rule violates the United States Constitution, *see* ECF No. 29 ¶¶ 97-102. However, the documents in question play no role with respect to that claim. *See* Pl's Mem. of Law in Support of her Motion for Summary Judgment at 29-30 (making purely legal arguments in support of her Constitutional claim). Instead, they are used solely in connection with Plaintiff's APA claims.

[2] In an attempt to get around this point, Plaintiff cites the case of *Hampton Univ. v. Accreditation Council for Pharmacy Educ.*, 2021 WL 3166380 (E.D. Va. July 27, 2021), for the notion that documents outside of the administrative record are appropriate where they do not "supplement" the administrative record. Mot. at 2. Plaintiff's cited case says no such thing and in fact re-affirms that "[j]udicial review of an accrediting agency's decision is generally confined to the administrative record." *Hampton Univ.*, 2021 WL 3166380, at *12.

[3] Defendants do not dispute that government websites are the *type* of resource of which a court may take judicial notice in appropriate circumstances. Mot. at 2. Rather, Defendants object to the Court taking judicial notice of such websites *in an APA case* that is properly confined to review of the administrative record.

2

*Army Corps of Engineers*, 329 F. Supp. 2d 600, 609 (E.D.N.C. 2004). Those narrow exceptions include:

> (1) to explain technical information or action not adequately explained by the record (e.g., more background needed); (2) to show an agency failed to consider relevant evidence; (3) to show an agency, in bad faith, failed to include certain information in the record; or (4) to demonstrate bad faith in the agency's decision making process.

*Id.*; *see also Wilson v. Off. of Civilian Health & Med. Program of Uniformed Servs. (CHAMPUS), Subdivision of Dep't of Def. of U.S.*, 866 F. Supp. 931, 936 n.5 (E.D. Va. 1994) ("[A]lthough the Court is limited in an APA review to considering only the administrative record, there can be an exception permitting the Court to ask for and consider evidence (such as affidavits) outside the record to clarify matters which require additional information.").

Plaintiff's materials do not fit within any of these narrow exceptions. Indeed, her Motion does not identify these circumscribed limits to going beyond the administrative record. None of Plaintiff's submissions for judicial notice provide technical information or information not adequately explained in the record, and none of them show that HHS failed to consider relevant evidence in promulgating the Rule at issue.

Plaintiff argues, however, that "Documents 1, 4, and 5 are necessary evidence of the agency's policy as it existed prior to the adoption of [the Rule]" suggesting potentially that HHS failed to include these items in the record. Mot. at 3. But Plaintiff identifies no bad faith by HHS in not including these items in the administrative record.[4] Further, Plaintiff's claims that these documents

---

[4] In support of Plaintiff's claim that prior policies can be considered when outside of the administrative record, she cites to *Casa De Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 704 (4th Cir. 2019) and *Helton v. AT&T Inc.*, 709 F.3d 343, 354 (4th Cir. 2013). The former case, however, explicitly declined to consider materials outside of the administrative record. *See Casa De Md.*, 924 F.3d at 705 ("The government urges us to consider the June 2018 memorandum from former Secretary of Homeland Security . . . belatedly proffered by the government as a basis for upholding DACA's rescission. We decline to do so because the memorandum was not part of the administrative record in this appeal."). The latter case is plainly inapposite here as it was an ERISA action involving private parties where the Fourth Circuit noted the necessity of looking at prior

"are necessary to establish the prior policy," Mot. at 3, are not availing. Document 1 does not show any prior policy, but rather is a transcript of a near hour-long press briefing by the White House Press Secretary on a multitude of issues—none of which included a discussion of the Head Start Rule, a predecessor policy, or even HHS's perspective on the necessity of requiring vaccines and masks. Similarly, Document 4 is a website that offers a compendium of various resources put out by the Office of Head Start ("OHS") to grantees of the Head Start Program organized by the dates on which those resources were issued. Plaintiff points to no specific policy amongst this plethora of updates, which cover items beyond vaccine and mask requirements and include items such as webinars and several updates postdating the Rule. Finally, Document 5 is a webinar that was offered by the OHS and not some prior policy. Further, the webinar discusses how to provide technical assistance to grantees of the Head Start Program about combating vaccine hesitancy.[5] And to the extent that Plaintiff is offering this webinar to critique HHS's subsequent, actual policy when it issued the Rule requiring vaccines for Head Start participants, the preamble of the Rule specifies exactly why HHS chose to require vaccination despite previous efforts to encourage voluntary vaccination. *See, e.g.*, AR_00002-AR_00007; *see also* AR_00008 ("[A] combination of factors, including . . . failure to achieve sufficiently high levels of vaccination based on voluntary efforts and patchwork requirements, potential harm . . . have persuaded us that a vaccine requirement for Head Start staff, certain contractors, and volunteers is an essential component of the nation's COVID–19 response."). Thus, the webinar cited by Plaintiff adds nothing to the Court's analysis.

Plaintiff's other argument for having the Court consider materials outside the administrative

---

coverage determinations to determine subsequent determinations as a matter of contract interpretation. *Helton*, 709 F.3d at 356.

[5] Plaintiff cites to the webinar as being dated "July 14, 2022," Mot. at 2, but it appears that the webinar was actually delivered on July 14, 2021. *See* Mental Health and Staff Wellness: Emotionally Strong Together, HHS (July 14, 2022, available at https://eclkc.ohs.acf.hhs.gov/video/mental-health-staff-wellness-emotionally-strong-together.

record is that "Documents 2 and 3 are evidence of the pretextual nature of the decision (in other words, Plaintiff alleges that the decision-maker made the decision for reasons not in the record)." Mot. at 2. But once again Plaintiff does not show bad faith in HHS's decision making process so as to permit judicial notice of these materials. Nor are these materials relevant to pretext despite Plaintiff's cursory assertions otherwise.

Document 2 is merely a transcript of a September 9, 2021 speech confirming what the Rule ultimately implemented, which was a vaccination requirement for Head Start employees. *See Remarks by President Biden on Fighting the COVID-19 Pandemic*, The White House (Sept. 9, 2021), available at https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/09/remarks-by-president-biden-on-fighting-the-covid-19-pandemic-3/ ("Tonight, I'm announcing that we'll require all of nearly 300,000 educators in the federal paid program, Head Start program, must be vaccinated as well to protect your youngest — our youngest — most precious Americans and give parents the comfort."). Further, this document is redundant to what is already in the administrative record as the preamble of the Rule expressly notes the President's September 9, 2021 speech and how it announced the Head Start vaccination requirement. *See* AR_00018 ("On September 9, 2021, President Biden announced the 'Path Out of the Pandemic' COVID–19 Action Plan, which announced the development of a Head Start vaccination requirement, and other elements of a national strategy to combat COVID–19."). Document 3 also does not show bad faith or pretext in HHS's decision making around the Rule in support of Plaintiff's arguments. As with Document 2, it reiterates the announcement of a vaccination requirement for Head Start employees and its announcement by the President, which later became the Rule at issue here and which was noted in the administrative record. *See, e.g.*, AR_00018. Thus, as with Document 2, Document 3 adds no new information that would inform this Court's analysis apart from the administrative record and does not support Plaintiff's contention "that the decision-maker made the decision for reasons not

5

in the record." Mot. at 2.

In justifying the use of these documents, Plaintiff argues that "[c]ourts regularly review extra-record evidence when establishing whether an administrative decision was made for pretextual reasons" and cites to the cases of *Sarsour v. Trump*, 245 F. Supp. 3d 719 (E.D. Va. 2017) and *Hawaii v. Trump*, 241 F. Supp. 3d 1119 (D. Haw. 2017). But those cases are particularly inapposite here. Both cases involved the consideration of evidence beyond the face of presidential executive orders being challenged, which the plaintiffs there believed was necessary to show an underlying discriminatory purpose of those orders as relevant to constitutional claims brought under the Establishment Clause. *See Sarsour*, 245 F. Supp. 3d at 735 ("The Court must therefore first determine to what extent and on what basis it will look behind the Order's stated secular purpose and justification to determine whether EO–2 constitutes a subterfuge or pretext for a true purpose of religious discrimination."); *Hawaii*, 241 F. Supp. 3d at 1135 ("It is well established that evidence of purpose beyond the face of the challenged law may be considered in evaluating Establishment and Equal Protection Clause claims.") (citation omitted). Yet, claims of religious or any other protected class discrimination axiomatically involve consideration of whether or not a facially neutral policy or measure is pretextual. That is not so with APA claims, such as Plaintiff's. These cases are even more inapposite here because they involved instances where the facially legitimate and non-discriminatory rationales for a policy were directly contradicted by prior statements. *See, e.g.*, *Hawaii*, 241 F. Supp. 3d at 1137 ("These plainly-worded statements, made in the months leading up to and contemporaneous with the signing of the Executive Order, and, in many cases, made by the Executive himself, *betray* the Executive Order's stated secular purpose.") (emphasis added). That is not so with Documents 2 and 3, which announced the Head Start vaccination requirement that came to be and which are expressly mentioned in the preamble of the Rule. Thus, Plaintiff's cases do not support the consideration of either document outside of the administrative record so as to

6

show pretext.

## CONCLUSION

For the reasons discussed herein, the Court should deny Plaintiff's motion for judicial notice.

Dated: June 29, 2022

Respectfully submitted,

JESSICA D. ABER
United States Attorney

LAUREN A. WETZLER
Chief, Civil Division

By:    /s/
YURI S. FUCHS
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3872
Fax:   (703) 299-3983
Email: yuri.fuchs@usdoj.gov

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I do hereby certify that on this 29th day of June, 2022, I have electronically filed the foregoing using the CM/ECF system.

/s/
Yuri S. Fuchs
Assistant U.S. Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov
*Counsel for Defendants*